1   E. JEFFREY GRUBE (SB# 167324)
    LESLIE D. ELLIS (SB# 222724)
2   ANDREA M. LINDEMANN (SB# 244937)
    PAUL, HASTINGS, JANOFSKY & WALKER LLP
3   55 Second Street
    Twenty-Fourth Floor
4   San Francisco, CA 94105-3441
    Telephone: (415) 856-7000
5   Facsimile: (415) 856-7100
    jeffgrube@paulhastings.com
6   leslieellis@paulhastings.com
    andrealindemann@paulhastings.com
7
    Attorneys for Defendant
8   UNITED PARCEL SERVICE, INC.

*FILED*

*JUL 1 7 2007*

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

9

UNITED STATES DISTRICT COURT

10

NORTHERN DISTRICT OF CALIFORNIA

11

SAN FRANCISCO DIVISION

12

13

WALTER SMITH,

14

Plaintiff,

15

vs.

16

UNITED PARCEL SERVICE, INC.,

17

Defendants.

18

**C** CASE NO. **07** **3673**

**BZ**

(City and County of San Francisco Superior Court Case No. CGC-07-453537)

**DECLARATION OF LESLIE D. ELLIS IN SUPPORT OF NOTICE OF REMOVAL BY DEFENDANT UNITED PARCEL SERVICE, INC. TO FEDERAL COURT**

19

20

21

22

23

24

25

26

27

28

Case No. _____

ELLIS DECL. ISO NOTICE OF REMOVAL

1  I, Leslie D. Ellis, declare:

2

3  1.  I am an attorney licensed by the Bar of the State of California, and I am admitted

4  to practice before this Court. I am an associate with the law firm of Paul, Hastings, Janofsky &

5  Walker LLP, counsel of record for Defendant United Parcel Service, Inc. ("UPS"), and I am one

6  of the attorneys responsible for the defense of this action. I have personal knowledge of the facts

7  set forth in this Declaration, and if called to testify under oath, could and would testify

8  competently thereto.

9  2.  On June 18, 2007, by Notice and Acknowledgment, UPS was served with the

10  Complaint for Damages filed by Plaintiff Walter Smith on May 18, 2007 in the Superior Court of

11  the State of California for the County of San Francisco entitled "*Walter Smith v. United Parcel*

12  *Service, Inc., and Does 1 to 30 Inclusive*." A true and correct copy of the Summons and

13  Complaint is attached as Exhibit A. A true and correct copy of the signed Notice and

14  Acknowledgement is attached as Exhibit B. UPS has been served with no other process, pleading

15  or orders.

16  3.  UPS filed and served its Answer to the Complaint on June 16, 2007. A copy of

17  the Answer is attached as Exhibit C.

18  4.  Notice of this removal is being given both to the adverse party and to the State

19  Court pursuant to 28 U.S.C. section 1446(d). A true and correct copy of UPS's Notice to Adverse

20  Party of Removal to Federal Court and UPS's Notice to Superior Court of Removal to Federal

21  Court, are attached as Exhibits D and E, respectively. Proof of service of the Notice to Adverse

22  Party of Removal to Federal Court and the Notice to Superior Court of Removal to Federal Court

23  will be filed with this Court shortly after the Superior Court filing and service upon the adverse

24  party are accomplished.

25  5.  I am informed and believe that UPS is and was, at the time this action was

26  commenced, a citizen of the State of Ohio and the State of Georgia within the meaning of 28

27  U.S.C. section 1332 (c)(1), because it is now, and was at the time this action was commenced,

28

ELLIS DECL. ISO NOTICE OF REMOVAL

1 | incorporated under the laws of the State of Ohio and it now has and has had its principal place of

2 | business in the State of Georgia.

3 |        I declare under penalty of perjury under the laws of the State of California and the

4 | United States of America that the foregoing is true and correct.

5 |

6 |        Executed this __17__ day of July, 2007, at San Francisco, California.

7 |

8 |                                          LESLIE D. ELLIS

9 |

10 | LEGAL_US_W # 56479438.1

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

-2-                ELLIS DECL. ISO NOTICE OF REMOVAL

Case No. _____

**EXHIBIT  A**

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY |
|---|---|
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
United Parcel Service, Inc., and DOES 1 to 30, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Walter Smith

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: | CASE NUMBER |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* CGC - 07 - 463537 |
| San Francisco Superior Court | |
| 400 McAllister Street | |
| San Francisco, CA 94102-4514 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Candice Clipper (SBN# 215379)          Ph: 707-569-0324
740 4th Street, 2nd Floor Santa Rosa, CA 95404 Fax: 707-569-0327          P. NATT

| DATE: | Gordon Park-Li | Clerk, by | , Deputy |
|---|---|---|---|
| *(Fecha)* MAY 1 8 2007 | | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

| [SEAL] | |
|---|---|

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

10349334.tif - 5/8/2007 2:10:45 PM



# CANDICE
# CLIPNER

ATTORNEY AT LAW

May 30, 2007

CSC - Lawyers Incorporating Service
P.O. Box 526036
Sacramento, CA 95852

**Re:     Walter Smith v. United Parcel Service, Inc.**
**SFSC Case No. CGC 07-463537**

To CSC - Agent for Service of Process for Defendant, United Parcel Service, Inc.:

Enclosed is plaintiff, Walter Smith's summons, complaint and "other documents"
consisting of: (1) Notice to Plaintiff (2) ADR Information package and; (3) a blank case
management statement (total of 18 pages of "other documents").

Also enclosed is the original and one copy of a Notice and Acknowledgment of Receipt.
Kindly sign and date the Acknowledgment pursuant to Code Civ. Proc. § 415.30 and return the
Acknowledgment to this office in the enclosed postage paid envelope.

Thank you for your courtesy and cooperation. Should you have any questions or
concerns, please do not hesitate to contact me.

Very truly yours,

Candice Clipner

1  CANDICE CLIPNER (SBN# 215379)
   Attorney at Law
2  740 4th Street, 2nd Floor
   Santa Rosa, CA 95404
3  Telephone: (707) 569-0324
   Facsimile : (707) 569-0327
4

5  Attorney for Plaintiff,
   WALTER SMITH
6

7

**ENDORSED**
**F I L E D**
*San Francisco County Superior Court*

MAY 1 8 2007

**GORDON PARK-LI, Clerk**
BY: _____ PARAM NATT
            Deputy Clerk

8              SUPERIOR COURT, STATE OF CALIFORNIA

9                   COUNTY OF SAN FRANCISCO

10                                        C G C -07- 463 5 3 7

11  WALTER SMITH,                    )  Superior Court Case No.
                                     )
12                                   )  **COMPLAINT FOR DAMAGES:**
                                     )
13        Plaintiff,                 )
                                     )  1.  AGE DISCRIMINATION (Govt. Code §
14                                   )      12940(a));
                                     )  2.  VIOLATION OF CALIFORNIA FAMILY
15      v.                           )      RIGHTS ACT (Govt. Code § 12945.2);
                                     )  3.  DISABILITY DISCRIMINATION (Govt.
16  UNITED PARCEL SERVICE, INC., and Does 1 )  Code § 12940(a));
    to 30 Inclusive,                 )  4.  FAILURE TO ACCOMMODATE, (Govt.
                                     )      Code § 12940(m));
17                                   )  5.  FAILURE TO ENGAGE IN INTERACTIVE
                                     )      PROCESS (Govt. Code § 12940(n));
18        Defendants.                )  6.  RETALIATION (Govt. Code § 12940(h));
   _____)  7.  FAILURE TO PREVENT
19                                          DISCRIMINATION (Govt. Code § 12940(k))
20                                          and;
                                        8.  WRONGFUL DISCHARGE IN
21                                          VIOLATION OF PUBLIC POLICY

    **CASE MANAGEMENT CONFERENCE SET**
22                                          **Jury Trial Requested**

23      OCT 1 9 2007  -9:00 AM         **Amount in Controversy Exceeds $100,000**

24

25      **DEPARTMENT 212**                **BY FAX**

    Plaintiff Walter Smith, alleges:
26

27

28

_____

COMPLAINT                    Page 1

**I.**

**PARTIES**

1.    Plaintiff WALTER SMITH ("Plaintiff"), is a 72 year-old male who was employed by Defendants and at all times relevant to the events giving rise to this Complaint, a resident of Sonoma County, California.  At all times relevant, Plaintiff was an "employee" as defined in the California Fair Employment and Housing Act ("FEHA").

2.    At all relevant times, Defendant UNITED PARCEL SERVICE, INC., ("UPS") was and is a Ohio corporation that employs more than 75 persons and is doing business in California as *"UPS"* and *"United Parcel Service."*

3.    Plaintiff is informed and believes and alleges that UPS's Corporate offices are located in San Francisco, CA and that Plaintiff's records are maintained in San Francisco, CA.

4.    Plaintiff is informed and believes and alleges that at all relevant times, UPS, and its agents, were "employers" within the meaning of the FEHA and managing agents who exercised substantial independent authority and judgment in their corporate decision making so that their decisions ultimately determined UPS's corporate policies.

5.    The true names and capacities, whether individual, corporate, associate or otherwise, of Defendant Does 1 through 10, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will amend this Complaint by inserting the true names and capacities of each such Defendant when they are ascertained.  Plaintiff is informed and believes and thereon alleges, that each of the Defendants designated herein as a "DOE" is responsible in some manner for the injuries suffered by Plaintiff, and for damages proximately caused by the conduct of each such Defendant as herein alleged.

6.    At all times herein mentioned, each of the individual Defendants were the agents,

COMPLAINT                                    Page 2

managing agents, servants and employees of the remaining Defendants, and each of them, and at all times herein mentioned, was acting within the course and scope of said agency, service and employment.

7.    At all relevant times, Defendants, and each of them, are "employers" within the meaning of the California Fair Employment & Housing Act ("FEHA"), California Government Code §12940, *et seq.* and has, along with other Defendants, been a joint employer of Plaintiff.

8.    There may be other Defendants who are alter-egos of Defendants, and are therefore responsible for the injuries and damages caused to Plaintiff, but who are unknown at this time. Accordingly, the true names and capacities, whether individual, corporate, associate or otherwise, such individuals are hereby identified as Does 21-30 and are sued under such fictitious names pursuant to Code of Civil Procedure § 474.

9.    Plaintiff will amend this Complaint by inserting the true names and capacities of each such Defendant when ascertained. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as Does 21-30 is responsible in some manner for the injuries suffered by Plaintiff and for the damages proximately caused by the conduct of each such Defendant as herein alleged.

10.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and or under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control. Plaintiff is informed and believes, and thereon alleges, that at all times material hereto, Defendants were and are the agents of each other.

11.    As a direct and proximate result of the unlawful acts of Defendants, Plaintiff has

---

COMPLAINT                                    Page 3

1   suffered and continues to suffer from loss of earnings, benefits, and other damages in amounts as yet

2   unascertained, but subject to proof at trial.

3
                                              II.
4
5                      **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

6       12.     Plaintiff filed charges of discrimination with the California Department of Fair

7   Employment and Housing ("DFEH") which issued the requisite "Right-to-Sue" letters.

8                                              III.

9
                    **FACTS COMMON TO MORE THAN ONE CAUSE OF ACTION**
10
11      13.     Plaintiff was born on August 21, 1934.

12      14.     In or about May 1968, Plaintiff began his employment with UPS in the position of

13  Driver. Plaintiff became a Customer Counter Clerk and has been working at UPS's Santa Rosa, CA

14  location. Throughout Plaintiff's employment, he received commendations and raises and has

15  satisfactory performed his job duties.
16
17      15.     In or about November 2002, Plaintiff sustained on-the-job injuries to his left hand and

18  wrist, which made working more difficult. On or about Spring of 2003, Plaintiff had a surgery for

19  his injuries and took leave for his medical conditions and soon returned to work.

20      16.     In or about 2004, Plaintiff's doctor informed him that he needed to have a second

21  surgery for his injuries. Plaintiff informed UPS's Center Manager, Lisa Stevenson. Plaintiff's
22
23  doctor called Plaintiff shortly before his second surgery was to take place, and said that UPS had

24  cancelled Plaintiff's surgery because UPS maintained that Plaintiff's injuries were not job related.

25      17.     In or around May 24, 2005, Plaintiff and UPS stipulated to the following before the

26  Worker's Compensation Appeals Board:
27
28              •       that Plaintiff's left wrist and hand were injured during the course and scope of

---

COMPLAINT                                    Page 4

1        his employment with UPS on November 7, 2002;

2        •       the injury caused a temporary disability for the period of 5/12/03 through

3                8/17/03 and;

4

5        •       the injury caused a permanent disability of 10% and;

6        •       that there is a need for medical treatment to cure or relieve the effects of the

7                injury

8        18.     Despite the Workers Compensation stipulations and award, UPS would still not agree

9    to Plaintiff's second surgery, so on or about August 2005 through on or about December 2005, based

10   on Plaintiff's doctor's advice, Plaintiff took a medical leave so that his hand could rest to reduce the

11

12   swelling.

13       19.     On January 6, 2006, Plaintiff's doctor released Plaintiff to return to work as follows:

14   "[Plaintiff] may return to work. Restricted to light lifting 1-2 lbs, no more than several times per

15   hour with the left hand. No other restrictions." Plaintiff brought the release to Lisa Stephenson and

16

17   Mike Smith and asked when he could return to work. They informed Plaintiff that he could not

18   return to work because Plaintiff had not seen UPS's doctor. Plaintiff said he would see their doctor.

19   Mike Smith said they would need to "look into this more" and said: "Why are you persisting in this?

20   You could retire and should be out fishing." Plaintiff told Smith and Stephenson that he wanted to

21   work for UPS and not retire until he made at least 40 years with the company. Stephenson and

22

23   Smith laughed. Stephenson said, "There is no way you will make it to 40 years." Plaintiff also told

24   Jim Peterson (current UPS Center Manager) that he was released to return to work. Peterson told

25   Plaintiff that he did not want to deal with it and that Mike Smith handles it. When Plaintiff again

26   talked to Mike Smith, he said, "Liberty Mutual (UPS's insurance carrier) doesn't want you back, so

27

28   there's nothing I can do about it." Plaintiff told Mike Smith, Stephenson and Peterson that he was

COMPLAINT                                          Page 5

1 | being discriminated against because of his age and disability.

2 |     20.    On or about March 2006, Plaintiff's health insurance was cancelled for failure to
3 |
4 | work a sufficient number of hours (as Plaintiff had not been allowed to work since August 2005).
5 | Plaintiff told Peterson that his insurance had been cancelled and reminded him that he was not being
6 | allowed to return to work. Peterson said that Liberty Mutual refused to allow Plaintiff to return to
7 | work. Plaintiff said that response did not make sense, since his employer was UPS, not Liberty
8 | Mutual. Peterson said, "It's just company policy."

9 |
10 | **FIRST CAUSE OF ACTION**
11 | Age Discrimination - Govt. Code § 12940(a)

12 |     21.    Plaintiff incorporates by reference as though fully set forth herein, each and every
13 | allegation set forth above in this Complaint. As a separate and distinct claim for relief, Plaintiff
14 | alleges as follows:

15 |
16 |     22.    At all times material to this complaint, Plaintiff was over the age of 40. UPS
17 | discriminated against Plaintiff because of his age. Plaintiff's supervisors made ageist comments to
18 | Plaintiff, told him that he needed to retire and would not be allowed to return to work because of his
19 | age among other ageist comments. UPS also informed Plaintiff that his physical disabilities would
20 | not be accommodated, whereas younger UPS employees have been and are receiving
21 |
22 | accommodations.

23 |     23.    Govt. Code § 12940(a) prohibits an employer from discriminating against an
24 | employee on the basis of being over the age of 40. In doing the acts and omissions set forth above,
25 | Defendants, and each of them, violated Cal. Govt. Code § 12940(a) prohibitions against workplace
26 | discrimination on the basis of age.
27 |
28 |     24.    As a direct, foreseeable and legal result of Defendants' discriminatory acts, Plaintiff

---

COMPLAINT                                    Page 6

1  has suffered and continues to suffer substantial losses in earnings and other employment benefits, in
2  addition to expenses incurred in obtaining alternative employment, and has suffered and continues to
3
4  suffer humiliation, embarrassment and emotional distress and discomfort, all to Plaintiff's damages
5  in an amount to be proven at trial.

6  25.    By reason of the conduct of Defendants, Plaintiff has necessarily retained attorneys
7  to prosecute this action. Plaintiff is therefore entitled to reasonable attorney's fees and litigation
8  expenses incurred in bringing this lawsuit.

9
10  26.    Defendants committed the despicable acts as herein alleged maliciously, fraudulently,
11  and oppressively, with the wrongful intent of injuring Plaintiff, and have acted with an improper and
12  evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Because the
13  despicable acts taken toward Plaintiff were carried out by managerial employees acting in a
14  deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, Plaintiff is
15  entitled to recover punitive damages from Defendants in an amount according to proof.
16

17  ## SECOND CAUSE OF ACTION

18  Violation of California Family Rights Act "CFRA"- Govt. Code § 12945.2

19  27.    Plaintiff incorporates by reference as though fully set forth herein, each and every
20  allegation set forth above in this Complaint. As a separate and distinct claim for relief, Plaintiff
21  alleges as follows:
22

23  28.    At all times relevant herein, Plaintiff worked for UPS for over 12 months, had worked
24  at least 1,250 hours during the 12 months period immediately preceding the first day of leave and
25  UPS employed more than 75 employees.
26
27  29.    Plaintiff took CFRA leave and informed UPS that he was released to return to work
28  with restrictions. Defendants never advised Plaintiff of his CFRA rights. It was unlawful for

COMPLAINT                                    Page 7

1  Defendants to not allow Plaintiff to return to work, and to discriminate against him because of

2  Plaintiff's exercise of the right to medical leave pursuant to Govt. Code § 12945.2.

3
4      30.    As a direct, foreseeable and legal result of Defendants' discriminatory acts, Plaintiff

5  has suffered and continue to suffer substantial losses in earnings, bonuses and other employment

6  benefits, in addition to expenses incurred in obtaining alternative employment, and has suffered and

7  continue to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to

8  Plaintiff's damage in an amount to be proven at trial.

9
10      31.    By reason of the conduct of Defendants, Plaintiff has necessarily retained attorneys

11  to prosecute this action.  Plaintiff is therefore entitled to reasonable attorney's fees and litigation

12  expenses incurred in bringing this lawsuit.

13      32.    Defendants committed the despicable acts as herein alleged maliciously, fraudulently,

14  and oppressively, with the wrongful intent of injuring Plaintiff, and have acted with an improper and

15  evil motive amounting to malice, and in conscious disregard of Plaintiff's rights.  Because the

16  despicable acts taken toward Plaintiff were carried out by managerial employees acting in a

17  deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, he is entitled

18
19  to recover punitive damages from Defendants in an amount according to proof.

20                                 **THIRD CAUSE OF ACTION**

21
22                    Disability Discrimination - Govt. Code § 12940(a)

23      33.    Plaintiff incorporates by reference as though fully set forth herein, each and every

24  allegation set forth above in this Complaint.  As a separate and distinct claim for relief, Plaintiff

25  alleges as follows:

26
27      34.    At all times relevant herein, Plaintiff suffered from physical disabilities and/or was

28  perceived as having physical disabilities, within the meaning of Govt. Code § 12940 and § 12926.

---

COMPLAINT                        Page 8

1   Defendants discriminated against Plaintiff in the terms, conditions and privileges of employment

2   because of said disabilities and being perceived as having physical disabilities.

3
4   35.    Cal. Govt. Code § 12940(a) prohibits an employer from discriminating against an

5   employee on the basis of disability and perceived disabilities. In doing the acts and omissions set

6   forth above, Defendants, and each of them, violated Cal. Govt. Code § 12940(a) prohibitions against

7   workplace discrimination on the basis of disability.

8   36.    As a direct, foreseeable and legal result of Defendants' discriminatory acts, Plaintiff

9   has suffered and continues to suffer substantial losses in earnings and other employment benefits, in

10  addition to expenses incurred in obtaining alternative employment, and has suffered and continues to

11

12  suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's

13  damages in an amount to be proven at trial.

14  37.    By reason of the conduct of Defendants, Plaintiff has necessarily retained attorneys

15  to prosecute this action. Plaintiff is therefore entitled to reasonable attorney's fees and litigation

16  expenses incurred in bringing this lawsuit.

17

18  38.    Defendants committed the despicable acts as herein alleged maliciously, fraudulently,

19  and oppressively, with the wrongful intent of injuring Plaintiff, and have acted with an improper and

20  evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Because the

21  despicable acts taken toward Plaintiff were carried out by managerial agents acting in a deliberate,

22

23  cold, callous and intentional manner in order to injure and damage Plaintiff, he is entitled to recover

24  punitive damages from Defendants in an amount according to proof.

25

26

27

28

COMPLAINT                              Page 9

## FOURTH CAUSE OF ACTION

Failure to Accommodate - Govt. Code § 12940(m)

39.    Plaintiff incorporates by reference as though fully set forth herein, each and every allegation set forth above in this Complaint. As a separate and distinct claim for relief, Plaintiff alleges as follows:

40.    Defendants and Defendants' agents were aware of Plaintiff's disabilities and need for accommodation. Rather than accommodate his disabilities and need for reasonable accommodation, Plaintiff's need for an accommodation was used as a reason to not allow Plaintiff to return to work unless and until he was no longer disabled.

41.    At all times herein mentioned, Govt. Code §12940(m) was in full force and effect and was binding upon Defendants, and their agents, which require Defendants and their agents from refraining from discriminating against any employee on the basis of disability and to provide reasonable accommodations and engage in the interactive process.

42.    As a direct, foreseeable and proximate result of Defendants' acts and their agents', Plaintiff has suffered and continues to suffer substantial past and future economic losses and other employment and economic benefits and opportunities, in addition to expenses incurred in attempting to recover these damages, and other consequential and foreseeable damages and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount to be proven at trial.

43.    By reason of the conduct of the Defendants, Plaintiff has necessarily retained attorneys to prosecute this action. Plaintiff is therefore entitled to reasonable attorney's fees and litigation expenses incurred in bringing the within action.

44.    The Defendants committed the despicable acts as herein alleged maliciously,

---

COMPLAINT                                    Page 10

1  fraudulently, and oppressively, with the wrongful intent of injuring Plaintiff, and have acted with an

2  improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights.

3
   Because the despicable acts taken toward Plaintiff were carried out by managing agents acting in a
4
5  deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, he is entitled

6  to recover punitive damages from Defendants under California Civil Code § 3294 in an amount

7  according to proof.

8
                                    **FIFTH CAUSE OF ACTION**
9
                    Failure to Engage in Interactive Process - Govt. Code § 12940(n)
10

11      45.    Plaintiff incorporates by reference as though fully set forth herein, each and every

12  allegation set forth above in this Complaint. As a separate and distinct claim for relief, Plaintiff

13  alleges as follows:

14      46.    Defendants violated California Government Code Section12940(n), which prohibits
15
   an employer from failing to engage in a timely, good faith, interactive process with an employee with
16
17  a known disability, to determine effective reasonable accommodations in response to a request for a

18  reasonable accommodation.

19      47.    As a direct, foreseeable and proximate result of Defendants' acts and their agents',

20  Plaintiff has suffered and continues to suffer substantial past and future economic losses and other
21
   employment and economic benefits and opportunities, in addition to expenses incurred in attempting
22
23  to recover these damages, and other consequential and foreseeable damages and has suffered and

24  continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to

25  Plaintiff's damage in an amount to be proven at trial.

26      48.    By reason of the conduct of the Defendants, Plaintiff has necessarily retained
27
   attorneys to prosecute this action. Plaintiff is therefore entitled to reasonable attorney's fees and
28

COMPLAINT                                    Page 11

1 | litigation expenses incurred in bringing the within action.

2 |     49.    The Defendants committed the despicable acts as herein alleged maliciously, fraudulently, and oppressively, with the wrongful intent of injuring Plaintiff, and have acted with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Because the despicable acts taken toward Plaintiff were carried out by managerial employees and/or managing agents acting in a deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, he is entitled to recover punitive damages from Defendants under California Civil Code § 3294 in an amount according to proof.

## SIXTH CAUSE OF ACTION

Retaliation - Govt. Code § 12940(h)

    50.    Plaintiff incorporates by reference as though fully set forth herein, each and every allegation set forth above in this Complaint. As a separate and distinct claim for relief, Plaintiff alleges as follows:

    51.    Govt. Code § 12940(h) prohibits an employer from discharging or otherwise discriminating against any person because the person has opposed the practices forbidden by the FEHA or because the person has filed a complaint, testified or assisted in any proceeding under the FEHA. In doing the things herein alleged, Defendants violated FEHA's anti-retaliation provision.

    52.    As a direct, foreseeable and proximate result of Defendants' acts, Plaintiff has suffered and continues to suffer substantial past and future economic losses and other employment and economic benefits and opportunities, in addition to expenses incurred in attempting to recover these damages, and in obtaining alternative employment and other consequential and foreseeable damages and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount to be proven at trial.

53.    By reason of the conduct of the Defendants, Plaintiff has necessarily retained attorneys to prosecute this action. Plaintiff is therefore entitled to reasonable attorney's fees and litigation expenses incurred in bringing the within action.

54.    Defendants committed the despicable acts, as herein alleged, maliciously, fraudulently, and oppressively, with the wrongful intent of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Because the despicable acts taken toward Plaintiff were carried out by managerial employees and/or "managing agents," acting in a deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, he is entitled to recover punitive damages from Defendants in an amount according to proof.

## SEVENTH CAUSE OF ACTION

Failure to Take Reasonable Steps to Prevent Discrimination from Occurring -

Govt. Code § 12940(k)

55.    Plaintiff incorporates by reference as though fully set forth herein, each and every allegation set forth above in this Complaint. As a separate and distinct claim for relief, Plaintiff alleges as follows:

56.    Govt. Code 12940(k) requires employers to take all reasonable steps to prevent discrimination and harassment from occurring. Not only did Defendants violate this statute, but Defendants' managing agents with supervisorial authority committed discrimination as herein alleged.

57.    As a direct, foreseeable and legal result of Defendants' failure to comply with Govt. Code 12940(k), Plaintiff has suffered and continue to suffer substantial losses in earnings, bonuses and other employment benefits, in addition to expenses incurred in obtaining alternative

---

COMPLAINT                              Page 13

1  employment, and have suffered and continue to suffer humiliation, embarrassment, mental and

2  emotional distress, and discomfort, all to Plaintiff's damage in an amount to be proven at trial.

3
   58.    By reason of the conduct of Defendants, Plaintiff has necessarily retained attorneys to
4
5  prosecute this action. Plaintiff is therefore entitled to reasonable attorney's fees and litigation

6  expenses incurred in bringing this lawsuit.

7      59.    Defendants committed the despicable acts as herein alleged maliciously, fraudulently,

8  and oppressively, with the wrongful intent of injuring Plaintiff, and acted with an improper and evil

9
   motive amounting to malice, and in conscious disregard of Plaintiff's rights. Because the despicable
10
11 acts taken toward Plaintiff were carried out by managing agents acting in a deliberate, cold, callous

12 and intentional manner in order to injure and damage Plaintiff, he is entitled to recover punitive

13 damages from Defendants in an amount according to proof.

14
                              **EIGHTH CAUSE OF ACTION**
15
16                    Wrongful Discharge in Violation of Public Policy

17     60.    Plaintiff incorporates by reference as though fully set forth herein, each and every

18 allegation set forth above in this Complaint. As a separate and distinct claim for relief, Plaintiff

19 alleges:

20
       61.    Plaintiff was terminated for discriminatory and retaliatory reasons without just cause
21
22 and for dishonest reasons, all in violation of the public policy of the State of California as described

23 above, all violations of California laws that are a matter of public policy. There is a nexus between

24 these laws and the retaliation, discrimination and failure to accommodate Plaintiff and of his

25 unlawful termination.

26
       62.    Plaintiff is informed and believes and, on that basis, alleges that he was terminated in
27
28 violation of the California Fair Employment & Housing laws, Govt. Code §12940 *et seq.*, including,

---

COMPLAINT                                    Page 14

§ 12945.2, § 12653 and for bringing a worker's compensation claim against UPS. These laws articulate the fundamental public policies of the State of California.

63.    As a direct, foreseeable and proximate result of Defendants and their agents' acts, Plaintiff has suffered and continues to suffer substantial past and future economic losses and other employment and economic benefits and opportunities, in addition to expenses incurred in attempting to recover these damages, and in obtaining alternative employment and other consequential and foreseeable damages and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damages in an amount to be proven at trial.

64.    By reason of the conduct of the Defendants, Plaintiff has necessarily retained attorneys to prosecute this action. Plaintiff is therefore entitled to reasonable attorney's fees and litigation expenses incurred in bringing this action.

65.    Defendants committed the despicable acts, as herein alleged, maliciously, fraudulently, and oppressively, with the wrongful intent of injuring Plaintiff, and have acted with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Because the despicable acts taken toward Plaintiff were carried out by "managing agents," acting in a deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, he is entitled to recover punitive damages from Defendants in an amount according to proof.

WHEREFORE, Plaintiff prays for the following relief against Defendants and each of them:

1.    For all damages allowable under Govt. §§ 12940 *et seq.* including attorneys' fees and costs in an amount according to proof;

2.    For general damages including but not limited to emotional distress damages according to proof;

3.    For special damages according to proof;

1    4.    For reasonable attorneys' fees and costs pursuant to Code Civ. Proc. § 1021.5.

2    5.    For pre-judgement and post-judgement interest at the maximum legal rate on all sums

3          awarded;

4    6.    For damages for detriment after the commencement of the action pursuant to Civil

5          Code §§ 3281 and 3283;

6

7    7.    For punitive damages pursuant to Civil Code § 3294, *et seq.*;

8    8.    For a trial by jury;

9    9.    For such other relief as the Court deems just and proper.

10

11

12   Dated: May 18, 2007          By:_____
                                      Candice Clipner
13                                    Attorney for Plaintiff,
                                      WALTER SMITH
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                          Page 16

**EXHIBIT  B**

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Candice Clipner (SBN#215379)<br>Kerry S. Schaffer (SBN#84706)<br>740 4th Street<br>Santa Rosa, CA 95404<br><br>TELEPHONE NO.: 707-569-0324     FAX NO. *(Optional):* 707-569-0327<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff, Walter Smith | FOR COURT USE ONLY |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco<br>STREET ADDRESS: 400 McAllister Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Francisco, CA 94102-4514<br>BRANCH NAME: Civic Center Courthouse |
| PLAINTIFF/PETITIONER: Walter Smith<br><br>DEFENDANT/RESPONDENT: United Parcel Service, Inc., et al. |

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>CGC 07-463537 |

TO *(insert name of party being served):* United Parcel Service, Inc.

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: May 30, 2007

Candice Clipner
      (TYPE OR PRINT NAME)                    ▶                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify):*

Notice to Plaintiff, ADR information package, blank case management statement (total of 18 pages of "other" documents).

*(To be completed by recipient):*

Date this form is signed: June 18, 2007
Leslie D. Ellis, Esq. on behalf of
United Parcel Service, Inc.
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ *Leslie D. Ellis, Esq.*
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.USCourtForms.com

**EXHIBIT  C**

ENDORSED
FILED
*San Francisco County Superior Court*

**JUL 1 6 2007**

GORDON PARK-LI, Clerk
BY: CAROLYN BALISTRERI
Deputy Clerk

| | |
|---|---|
| 1 | PAUL, HASTINGS, JANOFSKY & WALKER LLP |
| 2 | E. JEFFREY GRUBE (SB# 167324 )<br>LESLIE D. ELLIS (SB# 222724) |
| 3 | ANDREA M. LINDEMANN (SB# 244937)<br>55 Second Street |
| 4 | Twenty-Fourth Floor<br>San Francisco, CA 94105-3441 |
| 5 | Telephone: (415) 856-7000<br>Facsimile: (415) 856-7100 |
| 6 | Attorneys for Defendant |
| 7 | UNITED PARCEL SERVICE, INC. |

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         COUNTY OF SAN FRANCISCO

10

| | | |
|---|---|---|
| 11 | WALTER SMITH, | CASE NO. CGC-07-463537 |
| 12 | Plaintiff, | **ANSWER TO PLAINTIFF'S UNVERIFIED** |
| 13 | vs. | **COMPLAINT** |
| 14 | UNITED PARCEL SERVICE, INC. and<br>Does 1 to 30, inclusive, | |
| 15 | | **BY FAX** |
| 16 | Defendants. | |

17

18      TO PLAINTIFF WALTER SMITH AND TO HIS ATTORNEY OF RECORD, CANDICE

19      CLIPNER:

20

21              Defendant UNITED PARCEL SERVICE, INC. ("Defendant"), for itself alone and

22      no other defendant, hereby answers the unverified Complaint ("Complaint") of Plaintiff

23      WALTER SMITH ("Plaintiff") as follows:

24

25              1.      Pursuant to section 431.30(d) of the California Code of Civil Procedure,

26      Defendant denies, generally and specifically, each and every allegation in Plaintiff's Complaint.

27

28

LEGAL US W # 56541009.4

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1    2.    Defendant further denies, generally and specifically, that Plaintiff is

2 entitled to the relief requested, or that Plaintiff has been or will be damaged in any sum, or at all,

3 by reason of any act or omission on the part of Defendant, or any of its past or present agents,

4 representatives, or employees.

5    Without admitting any facts alleged by Plaintiff and in addition to its general

6 defense, Defendant raises the following defenses to the Complaint:

7

8    3.    The Complaint, and each cause of action alleged therein, fails to state a

9 claim upon which relief can be granted.

10

11    4.    The Complaint, and each cause of action contained therein, fails to state

12 facts sufficient to constitute a cause of action.

13

14    5.    Plaintiff is estopped from pursuing the claims in the Complaint, and each

15 cause of action contained therein, by reason of Plaintiff's own actions and course of conduct.

16

17    6.    Plaintiff has waived the right, if any, to pursue the claims in the Complaint,

18 and each cause of action contained therein, by reason of Plaintiff's own actions and course of

19 conduct.

20

21    7.    The Complaint, and each alleged cause of action contained therein, is

22 barred by the doctrine of laches.

23

24    8.    The Complaint, and each alleged cause of action contained therein, is

25 barred by the doctrine of unclean hands.

26

27    9.    To the extent the Complaint alleges a deprivation of rights provided under

28 the Collective Bargaining Agreement ("CBA") that applied to Plaintiff at all material times and/or

-2-

LEGAL_US_W # 56541009.4

ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1    involves the interpretation or application of the CBA, the Complaint, and each cause of action, is

2    preempted by section 301 of the Labor Management Relations Act, 29 U.S.C. section 185(a).

3

4          10.    To the extent the Complaint alleges a deprivation of rights provided under

5    the CBA that applied to Plaintiff at all material times and/or involves the interpretation or

6    application of the CBA, Plaintiff's sole and exclusive remedy for the allegations contained in the

7    Complaint is the grievance and arbitration provision of the CBA.

8

9          11.    To the extent the Complaint alleges a deprivation of rights provided under

10   the CBA that applied to Plaintiff at all material times and/or involves the interpretation or

11   application of the CBA, the Complaint, and each cause of action, is barred by the statute of

12   limitations applicable to cause of actions arising under section 301 of the Labor Relations Act.  29

13   U.S.C. § 160(b).

14

15         12.    To the extent it alleges a deprivation of rights provided under the CBA that

16   applied to Plaintiff at all material times and/or involves the interpretation or application of the

17   CBA, the Complaint, and each cause of action, is barred by Plaintiff's failure to exhaust the

18   grievance and arbitration procedures provided by the CBA.

19

20         13.    To the extent the complaint alleges a deprivation of rights provided under

21   the CBA that applied to Plaintiff at all material times and/or involves the interpretation or

22   application of the CBA, the complaint is barred by the doctrines of res judicata and/or collateral

23   estoppel; to the extent that Plaintiff have pursued their remedies and/or claims under the CBA's

24   grievance and arbitration procedures, they are bound by such resolution.

25

26         14.    The Complaint, and each alleged cause of action contained therein, is

27   barred in whole or in part by all applicable statutes of limitation, including but not limited to

28

1   California Government Code, sections 12960 *et seq.*, including sections 12945.2 *et seq.*, and

2   California Code of Civil Procedure sections 335.1, 337, 338, and 340.

3

4           15.     The Complaint, and each cause of action contained therein, is barred in

5   whole or in part because Defendant had an honest, good faith belief that all decisions with respect

6   to Plaintiff's employment were made by Defendant solely for legitimate, business-related reasons

7   and were reasonably based upon the facts as Defendant understood them.

8

9           16.     The Complaint, and each cause of action set forth therein, fails to the extent

10  Plaintiff signed a valid general release of employment claims, thereby extinguishing his rights to

11  bring the claims asserted herein.

12

13          17.     All of the causes of action in violation of the FEHA are barred because

14  Plaintiff did not timely exhaust the administrative remedies as required and/or otherwise failed to

15  comply with all the statutory prerequisites to bring suit pursuant to the FEHA. Cal. Gov't Code

16  §§ 12900 *et seq.*, including § 12945.2 *et seq.*

17

18          18.     To the extent that Plaintiff makes allegations or claims under the FEHA

19  with respect to a time period more than one year before Plaintiff allegedly filed a complaint with

20  the California Department of Fair Employment and Housing ("DFEH"), or which were not made

21  the subject of a timely DFEH complaint, they are barred. Cal. Gov't Code §§ 12900 *et seq.*

22

23          19.     All of the causes of action in violation of the FEHA are barred to the extent

24  that the allegations therein do not reasonably fall within the scope of any claims made in any

25  administrative complaints Plaintiff filed with the DFEH.

26

27

28

-4-

LEGAL_US_W # 56541009.4

ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1          20.     Defendant has not discriminated against Plaintiff unlawfully, and any

2    treatment of Plaintiff or difference in the treatment of Plaintiff as compared with other of

3    Defendant's employees was based solely on reasonable factors other than age and/or disability.

4

5          21.     All of the causes of action, arising under the FEHA, are barred because

6    each of the actions taken by Defendant with respect to Plaintiff's employment was based upon a

7    bona fide occupational qualification.  Cal. Gov't Code § 12940.

8

9          22.     The Third, Fourth and Fifth causes of action fail to state a claim upon

10   which relief can be granted because Plaintiff was not a qualified individual with a disability

11   within the meaning of the FEHA.  Cal. Gov't Code § 12926(k)(1), 12940(a).

12

13         23.     The Third, Fourth and Fifth causes of action for discrimination on the basis

14   of disability are barred because Defendant's relevant employment standards, tests, selection and

15   screening criteria were job-related and consistent with business necessity.  2 Cal. Code Reg. §§

16   7286.7(b) & (c), 7287.4(e).

17

18         24.     The Third, Fourth and Fifth causes of action for discrimination based on

19   disability are barred because Plaintiff could not perform the essential functions of his job, with or

20   without reasonable accommodation.

21

22         25.     The Third, Fourth and Fifth causes of action for discrimination based on

23   disability are barred because Plaintiff did not request any accommodation from Defendant.

24

25         26.     The Third, Fourth and Fifth causes of action for discrimination based on

26   disability are barred because any accommodation Plaintiff requested constituted an undue

27   hardship.

28

-5-

LEGAL_US_W # 56541009.4

ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1    27.    The Third, Fourth and Fifth causes of action for discrimination based on

2  disability are barred because Plaintiff did not engage in the interactive process.

3

4    28.    The Eighth cause of action for wrongful termination in violation of public

5  policy is barred because Plaintiff failed to exhaust the internal complaint procedures and/or other

6  internal administrative remedies made available to Plaintiff.

7

8    29.    Plaintiff has failed to mitigate or reasonably attempt to mitigate his

9  damages, if any, as required by law.

10

11    30.    Any and all claims in the Complaint based in whole or in part upon any

12  alleged physical or emotional injury or distress are barred because Plaintiff's sole and exclusive

13  remedy, if any, for such injuries is governed by the California Workers' Compensation Act and

14  before the Workers' Compensation Appeals Board. Cal. Lab. Code §§ 3600 *et seq.*

15

16    31.    Plaintiff is barred, in whole or in part, from recovery of damages as alleged

17  and prayed for in the Complaint by the after-acquired evidence doctrine.

18

19    32.    Plaintiff is not entitled to recover any punitive or exemplary damages and

20  any such allegations should be stricken because:

21         (a)    Plaintiff has failed to plead facts sufficient to support allegations of

22  oppression, fraud and/or malice. Cal. Civ. Code § 3294(a); and/or

23         (b)    Plaintiff has failed to plead facts sufficient to support allegations of

24  gross or reckless disregard for the rights of Plaintiff or that UPS was motivated by evil motive or

25  intent; and/or

26         (c)    Neither UPS nor any managing agent of UPS committed any

27  alleged oppressive, fraudulent, or malicious act, authorized or ratified such an act, or had advance

28  knowledge of the unfitness, if any, of any employee or employees who allegedly committed such

-6-

LEGAL_US_W # 56541009.4

ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1    an act, or employed any such employee or employees with a conscious disregard of the rights or

2    safety of others.  Cal. Civ. Code § 3294(b); and/or

3                          (d)      California's laws regarding the alleged conduct in question in this

4    action are too vague to permit the imposition of punitive damages, and because California's laws,

5    rules and procedures regarding punitive damages deny due process, impose criminal penalties

6    without the requisite protections, violate the Fourteenth Amendment of the United States

7    Constitution and place an unreasonable burden on interstate commerce.

8

9              33.     Defendant is entitled to a setoff of any monetary damages Plaintiff recovers

10    against Defendant herein.  Cal. Code Civ. Proc. § 431.70.

11

12             34.     The Complaint, and each and every cause of action alleged therein, is

13    barred because any recovery from Defendant would result in Plaintiff's unjust enrichment.

14

15             35.     Plaintiff is barred from recovering punitive damages because Defendant

16    had in place a policy to discrimination and retaliation in its workplace and made good faith efforts

17    to implement and enforce that policy.

18

19             36.     The Complaint is barred, in whole or in part, because Defendant exercised

20    reasonable care to prevent and promptly correct discriminatory behavior, if any.

21

22             WHEREFORE, Defendant prays for judgment as follows:

23

24             1.      That Plaintiff takes nothing by reason of his Complaint, that the Complaint

25    be dismissed in its entirety with prejudice, and that judgment be entered for Defendant;

26

27             2.      That Defendant be awarded its reasonable costs and attorneys' fees; and

28

-7-

LEGAL_US_W # 56541009.4

ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1          3.      That Defendant be awarded such other and further relief as the Court

2    deems just and proper.

3

4    DATED: July 16, 2007          PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                    ANDREA M. LINDEMANN
5

6                                   By: _____
7                                              ANDREA M. LINDEMANN

8                                   Attorneys for Defendant
                                    UNITED PARCEL SERVICE, INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                            -8-

## CERTIFICATE OF SERVICE

I, the undersigned, state:

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 years, and not a party to the within action. My business address is Paul, Hastings, Janofsky & Walker LLP, 55 Second Street, Suite 2400, San Francisco, CA 94105.

On July 16, 2007, I served the foregoing document(s) described as:

## ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

Candice Clipner                           *Attorneys for Plaintiff Walter Smith*
740 4th Street, 2nd Floor
Santa Rosa, CA 95404
Telephone: (707) 569-0324
Facsimile: (707) 569-0327

☐    **VIA UPS OVERNIGHT MAIL**: By delivering such document(s) to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

☒    **VIA U.S. MAIL:** I am readily familiar with Paul, Hastings, Janofsky & Walker LLP's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    **VIA PERSONAL DELIVERY**: I personally caused to be delivered such sealed envelope(s) by hand to the offices of the addressee(s) listed above.

☐    **VIA FACSIMILE**: The facsimile transmission report indicated that the transmission was complete and without error. The facsimile was transmitted to the facsimile numbers indicated above on July 16, 2007.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. I further declare that I am employed by a member of the bar of this court at whose direction the service was made.

Executed on July 16, 2007, at San Francisco, California.

_____
                            DALIA NILL

**EXHIBIT  D**

1   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    E. JEFFREY GRUBE (SB# 167324)
2   LESLIE D. ELLIS (SB# 222724)
    ANDREA M. LINDEMANN (SB# 244937)
3   55 Second Street
    Twenty-Fourth Floor
4   San Francisco, CA 94105-3441
    Telephone: (415) 856-7000
5   Facsimile: (415) 856-7100

6   Attorneys for Defendant
    UNITED PARCEL SERVICE, INC.
7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SAN FRANCISCO

10

11  WALTER SMITH,                          CASE NO. CGC-07-463537

12             Plaintiff,                  **NOTICE TO ADVERSE PARTY OF
                                           REMOVAL TO FEDERAL COURT BY
13         vs.                             DEFENDANT UNITED PARCEL
                                           SERVICE, INC.**
14  UNITED PARCEL SERVICE, INC., and
    Does 1 to 30 Inclusive,
15
               Defendants.
16

17

18

19

20

21

22

23

24

25

26

27

28

---

NOTICE TO ADVERSE PARTY

1  TO PLAINTIFF WALTER SMITH AND HIS ATTORNEY OF RECORD, CANDICE

2  CLIPNER, ESQ.:

3

4          PLEASE TAKE NOTICE THAT Notice of Removal of this action was filed in the

5  United States District Court for the Northern District of California on July 17, 2007. A copy of

6  the Notice of Removal is attached to this Notice, and is served and filed herewith.

7

8  DATED: July  17 , 2007          PAUL, HASTINGS, JANOFSKY & WALKER LLP

9

10                                  By:
                                          LESLIE D. ELLIS
11

12                                  Attorneys for Defendant
                                    UNITED PARCEL SERVICE, INC.
13

   LEGAL_US_W # 56479411.1
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                          -2-

**EXHIBIT E**

1   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    E. JEFFREY GRUBE (SB# 167324)
2   LESLIE D. ELLIS (SB# 222724)
    ANDREA M. LINDEMANN (SB# 244937)
3   55 Second Street
    Twenty-Fourth Floor
4   San Francisco, CA 94105-3441
    Telephone: (415) 856-7000
5   Facsimile: (415) 856-7100

6   Attorneys for Defendant
    UNITED PARCEL SERVICE, INC.
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    COUNTY OF SAN FRANCISCO

10

11  WALTER SMITH,                          CASE NO. CGC-07-463537

12              Plaintiff,                  **NOTICE TO SUPERIOR COURT OF
                                            REMOVAL TO FEDERAL COURT BY**
13       vs.                                **DEFENDANT UNITED PARCEL
                                            SERVICE, INC.**
14  UNITED PARCEL SERVICE, INC., and
    Does 1 to 30 Inclusive,
15
                Defendants.
16

17

18

19

20

21

22

23

24

25

26

27

28

1    TO THE CLERK OF THE SUPERIOR COURT FOR THE CITY AND COUNTY OF COUNTY

2    OF SAN FRANCISCO:

3

4    Attached as Exhibit A is a true and correct copy of the Notice of Removal to

5    Federal Court, the original of which was filed with the United States District Court for the

6    Northern District of California on July 17, 2007.

7

8    The filing of said Notice of Removal to Federal Court effects the removal of the

9    above-entitled action from this Court.

10

11    DATED: July _17_, 2007          PAUL, HASTINGS, JANOFSKY & WALKER LLP

12

13                                    By: _____
                                                    LESLIE D. ELLIS
14

15                                    Attorneys for Defendant
                                      UNITED PARCEL SERVICE, INC.

16

17    LEGAL_US_W # 56479129.1

18

19

20

21

22

23

24

25

26

27

28

-2-

NOTICE TO SUPERIOR COURT OF REMOVAL