1  E. JEFFREY GRUBE (SB# 167324)
   jeffgrube@paulhastings.com
2  ANDREA M. LINDEMANN (SB# 244937)
   andrealindemann@paulhastings.com
3  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   55 Second Street
4  Twenty-Fourth Floor
   San Francisco, CA 94105-3441
5  Telephone: (415) 856-7000
   Facsimile: (415) 856-7100
6
7  Attorneys for Defendant
   United Parcel Service, Inc.
8  CANDICE CLIPNER (SB# 215379)
   Attorney at Law
9  740 4th Street, 2nd Floor
   Santa Rosa, CA 95404
10 Telephone: (707) 569-0324
   Facsimile: (707) 569-0327
11 clipnerlaw@comcast.net
12 Attorney for Plaintiff
   WALTER SMITH
13
14                UNITED STATES DISTRICT COURT
15                NORTHERN DISTRICT OF CALIFORNIA
16                    SAN FRANCISCO DIVISION
17

| | |
|---|---|
| WALTER SMITH, | CASE NO. C-07-03673 MJJ |
| Plaintiff, | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| vs. | |
| UNITED PARCEL SERVICE, INC., AND DOES 1 to 30, inclusive, | Date: November 6, 2007<br>Time: 2:00 p.m.<br>Courtroom: 11 |
| Defendants. | Judge: Hon. Martin J. Jenkins |

    The parties to the above-entitled action, Plaintiff Walter Smith and Defendant United Parcel Service, Inc. ("UPS"), jointly submit this Case Management Statement.

Case No. CASE NO. C-07-03673 MJJ

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

1. **Jurisdiction and Service**

   UPS has been served. On July 17, 2007, UPS removed this case to federal court based on diversity jurisdiction.

2. **Facts**

   a. ***Plaintiff's Chronology of Facts***:

   Plaintiff Walter ("Buck") Smith is a former employee of Defendant United Parcel Service, Inc.

   - Plaintiff began his employment with UPS in 1968 at the age of 33 as a driver. Plaintiff became a customer counter clerk where he performed a variety of tasks.
   - In November 2002, at the age of 68, Plaintiff sustained an on the job injury to his left hand/wrist.
   - In May 2003, an operation was performed on Plaintiff's hand. Plaintiff soon thereafter returned to work with restrictions of no continuous repetition of the hand/wrist, however, the surgery did not cure his injury.
   - Thereafter, Plaintiff's doctor informed him that he had to have a second surgery on his left hand/wrist. Plaintiff informed UPS management of his need for a second surgery as a result of his work related injury. Liberty Mutual, UPS's worker's compensation insurer, called Plaintiff's doctor and cancelled Plaintiff's appointment for a second surgery and informed Plaintiff's doctor that UPS/Liberty Mutual, was not paying for the second surgery because Plaintiff's injury was not work related.
   - In or around January 2005, UPS management, Lisa Stevenson, informed Plaintiff that he needed to see a Qualified Medical Examiner. The three doctors' phone numbers that were provided to Plaintiff were disconnected as the doctors were out of business. Plaintiff was provided with three additional doctors' phone numbers. Again, two of these doctors were out of business. The one doctor whom Plaintiff was able to contact could not see Plaintiff until August 2005. Plaintiff informed Liberty Mutual of this, so a Liberty Mutual employee scheduled an appointment

for Plaintiff with Dr. Floyd. Dr. Floyd never touched nor examined Plaintiff, however, Dr. Floyd found that Plaintiff's injury was not work related.

- On May 24, 2005, UPS/Liberty Mutual Insurance and Plaintiff entered into the following stipulations and award before the Worker's Compensation Appeals Board, in favor of Plaintiff against UPS/Liberty Mutual Insurance as follows:
  - Plaintiff sustained an injury on 11/7/02 during the course and scope of his employment to his left wrist and hand;
    - The injury caused temporary disability from 5/12/03 through 8/17/03;
    - The injury caused permanent disability of 10%;
  - There is need for medical treatment to cure or relieve the effects of the injury.
- In or around August 2005, Plaintiff went on medical leave so that he could rest his hand to reduce the swelling.
- On January 6, 2006, Plaintiff presented UPS's management with a work release note from his doctor, which stated that Plaintiff's only restrictions were that he could not lift more than two pounds, no more than several times per hour, with the left hand. UPS's management informed Plaintiff that he would have to be released by their doctor with no restrictions. Plaintiff informed UPS management that he would see their doctor, however, UPS's management informed Plaintiff that they would not make an appointment for Plaintiff to see their doctor, and made ageist, discriminatory comments to Plaintiff.
- On February 28, 2006, at the age of 71, UPS cancelled Plaintiff and his spouse's health insurance and benefits. Mrs. Smith was 67 years of age.
- Plaintiff returned to UPS numerous times and spoke with management employees about being allowed to return to work, however, Plaintiff was told that management would get back to Plaintiff (which never happened), that he could not return to work, and that they did not know why Plaintiff was being refused from

returning to work.

- By UPS not allowing Plaintiff to return to work, Plaintiff was effectively fired and forced to take an early retirement, however, Plaintiff is willing to return to work for UPS. Plaintiff is currently 73 years of age.
- Plaintiff alleges age discrimination, CFRA violation, disability discrimination, failure to accommodate, failure to engage in the interactive process, retaliation, failure to prevent discrimination, and wrongful discharge in violation of public policy.

### b. *UPS's Statement of Facts:*

UPS denies all of Plaintiff's allegations. Plaintiff will not be able to prove any discrimination, retaliation or other wrongdoing by UPS. Any issues Plaintiff has with the selection of a QME are pre-empted by the workers' compensation scheme. UPS followed all relevant employment laws in its interactions with Plaintiff. UPS made all of its decisions regarding Plaintiff for legitimate, non-discriminatory, non-retaliatory, business reasons.

Furthermore, Plaintiff's claim for wrongful discharge fails, among other reasons, because Plaintiff remains a current UPS employee.

### 3. Legal Issues

Because this case is in an early phase, and because the parties have not yet conducted discovery, it is not clear which legal issues may be in dispute. However, it appears there will be disputed legal issues regarding the following topics:

- Whether UPS violated California Government Code section 12900 *et seq*;
- Whether, at all relevant times, Plaintiff had a "physical disability" within the meaning of the California Fair Employment Housing Act;
- Whether, at all relevant times, Plaintiff was able to perform the essential duties of his job for UPS, with or without reasonable accommodation;
- Whether Plaintiff requested a reasonable accommodation for any alleged disability;
- Whether UPS engaged in the interactive process as required by law;

- Whether Plaintiff engaged in the interactive process as required by law;
- Whether UPS had a duty to provide Plaintiff with any requested accommodation;
- Whether UPS took any of its actions *because of* Plaintiff's disability in violation of the law;
- Whether Plaintiff suffered any adverse employment action;
- Whether UPS had a legitimate business reason for any alleged adverse employment action against Plaintiff;
- Whether UPS violated the California Family Rights Act;
- Whether UPS violated a fundamental public policy of the State of California;
- Whether there has been a constructive discharge under California law while Smith remains an employee at UPS;
- Whether Plaintiff suffered damages based on conduct he alleges in the Complaint;
- Whether Plaintiff properly mitigated his damages;
- Whether Plaintiff's wrongful termination claim is barred because Plaintiff failed to exhaust the internal complaint procedures available to him;
- Whether Plaintiff's claims are barred because UPS had an honest, good faith belief that any decisions related to Plaintiff's employment were made by UPS for legitimate, business-related reasons and were reasonably based upon the facts as UPS understood them;
- Whether Plaintiff's claim for wrongful termination is barred because Plaintiff is still employed by UPS;
- Whether UPS engaged in any of the alleged actions or decisions upon which Plaintiff bases his claims intentionally, willfully, oppressively, maliciously, with an evil or improper motive, or with conscious disregard of Plaintiff's rights;
- Whether Plaintiff's claims for physical and/or emotional injury are barred in whole or in part, by workers' compensation exclusivity;
- Whether Plaintiff's claims are barred by the statute of limitations; and
- Whether Plaintiff's claims are barred by the CBA.

#### 4. **Motions**

At the appropriate time, UPS anticipates moving for summary judgment on all of Plaintiff's claims.

#### 5. **Amendment of Pleadings**

The parties do not currently anticipate filing any amended pleadings.

#### 6. **Evidence Preservation**

UPS has instructed all personnel with relevant data to retain all relevant documents, records and electronic information in their possession.

#### 7. **Disclosures**

Initial disclosures under Rule 26 of the Federal Rules of Civil Procedure will take place on October 30, 2007.

#### 8. **Discovery**

UPS subpoenaed relevant medical records and served Plaintiff with a notice of deposition and request for documents on October 17, 2007, following the meet and confer conference on October 16, 2007. Plaintiff's deposition has been noticed to take place on December 3, 2007. Through the course of this litigation UPS also intends to propound additional discovery requests, including interrogatories, requests for admission, document requests, third party subpoenas and take the depositions of multiple witnesses, including expert witnesses as appropriate. Plaintiff anticipates deposing witnesses in or about January 2008. The parties do not presently anticipate requesting any limitations or modifications of the discovery rules.

#### 9. **Class Actions**

This case is not a class action.

#### 10. **Related Cases**

The parties are not aware of any related cases.

#### 11. **Relief**

The Complaint seeks general damages, compensatory damages, including lost earnings and benefits, damages for intentional infliction of emotional distress, punitive damages, attorneys' fees, and costs. UPS denies that Plaintiff has suffered any harm attributable to any

misconduct by UPS.

**12. Settlement and ADR**

Because this case is at an early phase, and because the parties have not yet conducted discovery, UPS does not know the prospects for settlement. It is currently investigating the allegations. UPS needs to take Plaintiff's deposition before assessing its position regarding a potential form of ADR for this case. The parties filed the ADR Certifications and Notice for Need of ADR Phone Conference on October 15, 2007. Plaintiff is amenable to an early settlement conference or a mediation process through the court.

**13. Magistrate Judges**

The parties do not consent to have a magistrate judge conduct all further proceedings in the matter, including trial.

**14. Other References**

The matter is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict litigation.

**15. Narrowing of the Issues**

UPS anticipates filing a summary judgment motion on all of Plaintiff's claims. Additionally, if the case proceeds to trial, UPS will request that the damages phase is bifurcated from the liability phase of the trial.

**16. Expedited Schedule**

The parties do not believe this case can be handled on an expedited basis with streamlined procedures.

**17. Scheduling**

*The parties propose the following case plan*:

Last date for completion of non-expert discovery:

Defendant proposes August 11, 2008, in order to allow sufficient time to prepare a motion for summary judgment following the close of non-expert discovery.

Plaintiff proposes September 8, 2008

| | |
|---|---|
| Last date for hearing of dispositive motions: | September 19, 2008 |
| Last date for completion of expert discovery: | October 17, 2008 |
| Trial date: | November 17, 2008 |

Plaintiff requests that if the Court cannot provide a November 2008 trial date, that a trial date be set in October 2008.

### 18. Trial

Plaintiff demands a jury trial in his complaint. Because of the early stage of proceedings, the parties are uncertain how long the trial may last but anticipate that it may last ten court days.

### 19. Disclosure of Non-Party Interested Entities or Persons

The parties have each filed a "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In its certification, UPS stated that, other than the named parties, there is no such interest to report.

Pursuant to Civ. L.R. 3-16, Candice Clipner, an attorney licensed to practice law in the State of California and before this Court, certified that Lois A. Smith has a financial interest (potential community property interest) as the spouse to Walter Smith, a party to this proceeding. As of this date, there are no other interested persons or entities to report.

### 20. Other Matters As May Facilitate the Just, Speedy and Inexpensive Disposition

Plaintiff's position is that if Plaintiff is allowed to return to work, the parties should be able to negotiate a settlement for back pay, emotional distress, loss of benefits and other specials, attorney fees and costs, etc. Defendant's position is that it needs more information from Plaintiff to assess the possibility of returning Plaintiff to work. To date, Plaintiff has refused to participate in any informal discovery to assist in evaluating this option.

1  DATED: October 30, 2007          PAUL, HASTINGS, JANOFSKY & WALKER LLP

2
3                                   By: _____
                                        ANDREA M. LINDEMANN
4
                                    Attorneys for Defendants
5                                   UNITED PARCEL SERVICE, INC.

6  DATED: October 30, 2007          CANDICE CLIPNER
7
8                                   By: _____
                                        CANDICE CLIPNER
9
                                    Attorney for Plaintiff
10                                  WALTER SMITH

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28