1  E. JEFFREY GRUBE (SB# 167324)
   jeffgrube@paulhastings.com
2  ANDREA M. LINDEMANN (SB# 244937)
   andrealindemann@paulhastings.com
3  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   55 Second Street
4  Twenty-Fourth Floor
   San Francisco, CA  94105-3441
5  Telephone:  (415) 856-7000
   Facsimile:  (415) 856-7100
6
   Attorneys for Defendant
7  United Parcel Service, Inc.

8  CANDICE CLIPNER (SB# 215379)
   Attorney at Law
9  740 4th Street, 2nd Floor
   Santa Rosa, CA 95404
10 Telephone:  (707) 569-0324
   Facsimile:  (707) 569-0327
11 clipnerlaw@comcast.net

12 Attorney for Plaintiff
   WALTER SMITH
13

14              UNITED STATES DISTRICT COURT

15             NORTHERN DISTRICT OF CALIFORNIA

16               SAN FRANCISCO DIVISION

17

18 WALTER SMITH,                          CASE NO. C-07-03673 MHP

19            Plaintiff,                   **JOINT CASE MANAGEMENT
                                           CONFERENCE STATEMENT**
20      vs.

21 UNITED PARCEL SERVICE, INC., AND        Date:  April 21, 2008
   DOES 1 to 30, inclusive,                Time:  4:00 p.m.
22                                         Courtroom: 11
            Defendants.                    Judge:  Hon. Marilyn Patel
23

24

25      The parties to the above-entitled action, Plaintiff Walter Smith and Defendant United

26 Parcel Service, Inc. ("UPS"), jointly submit this Case Management Statement and Proposed

27 Order and request the Court adopt it as its Case Management Order in this case.

28

Case No. CASE NO. C-07-03673 MHP                    JOINT CASE MANAGEMENT
                                                    CONFERENCE STATEMENT

1    **1.    Jurisdiction and Service**

2    Plaintiff served his complaint on UPS. On July 17, 2007, UPS removed this case to

3    federal court based on diversity jurisdiction, pursuant to 28 U.S.C. sections 1332 and 1441(a) and

4    (b).

5    **2.    Facts**

6    *a.    Plaintiff's Statement of Facts*:

7    On March 3, 2008, Plaintiff Walter ("Buck") Smith was reinstated in his position as a

8    customer counter clerk with UPS in Santa Rosa. In 1968, Plaintiff began his employment with

9    UPS. Plaintiff is currently 73 years of age. On January 6, 2006, Plaintiff's doctor released him to

10    return to work after a five-month disability leave due to a worker's compensation injury to his left

11    hand/wrist. Plaintiff was released with lifting restrictions, however, UPS did not allow Plaintiff

12    to return to work. Plaintiff could have worked with accommodations from UPS, however, when

13    Plaintiff presented his release to his supervisors, his supervisors made numerous discriminatory

14    ageist comments and informed Plaintiff that he could not return to work unless he was 100%

15    healed.

16    On March 1, 2006, Plaintiff received notice that he and his wife's health benefits through

17    UPS were cancelled as of February 28, 2006.

18    On March 6, 2006, UPS sent Plaintiff to its doctor, Susan Barnard, M.D. Dr. Barnard

19    concluded that Plaintiff was able to perform his usual regular work and reported that Plaintiff did

20    not need modified work or restrictions. Plaintiff gave UPS Dr. Barnard's findings that day,

21    however, Plaintiff did not know what Dr. Barnard concluded until he was shown Dr. Barnard's

22    report at his deposition on January 8, 2008.

23    Plaintiff returned to UPS numerous times to inquire when he could return to work, and

24    advised his supervisors that UPS had cancelled his health benefits. UPS repeatedly told plaintiff

25    that he would not be coming back to work.

26    On May 11, 2006, Plaintiff filed his Department of Fair Employment & Housing Charge.

27    On July 7, 2006, UPS was served with Plaintiff's DFEH charge. On May 18, 2007, Plaintiff's

28    complaint was filed in San Francisco Superior Court. On June 18, 2007, UPS was served with

1   the summons and complaint. On July 16, 2007, UPS answered the complaint. Plaintiff's

2   deposition was taken January 8, 2008.

3        UPS did not allow Plaintiff to return to work until last month, and did not attempt to

4   engage in the interactive process with Plaintiff until February 2008.  Also in February 2008,

5   Plaintiff's doctor released him to work without restrictions (as UPS' doctor did in March 2006)

6   and UPS allowed Plaintiff to return to work.

7        Plaintiff alleges age discrimination, CFRA violation, disability discrimination (actual and

8   perceived), failure to accommodate, failure to engage in the interactive process, retaliation, failure

9   to prevent discrimination, and wrongful discharge in violation of public policy.

10             *b.*     *UPS's Statement of Facts:*

11       UPS denies all of Plaintiff's allegations of wrongdoing.  Founded in 1907, UPS is the

12  world's largest package delivery company.  UPS delivers approximately 15.6 million packages

13  and documents a day for approximately 7.9 million customers worldwide.  UPS employs a

14  diverse workforce and it has received accolades from, among others, DiversityInc.com (ranking

15  UPS 3rd in the "Top 10 Companies for Diversity"), the NAACP (naming UPS the "Corporate

16  Citizen of the Year"), Fortune magazine (ranking UPS as one of the "50 Best Companies for

17  Minorities"), and Women's Business Enterprise National Council (naming UPS one of

18  "America's Top Corporations for Women's Business Enterprises").

19       Plaintiff began working at UPS in 1968 as a package car driver.  As such, he was a

20  member of the International Brotherhood of Teamsters ("IBT") and subject to the Collective

21  Bargaining Agreement ("CBA") between UPS and the IBT.  Plaintiff remained subject to the

22  CBA throughout his employment with UPS.  In 1995, Plaintiff injured his knee, and could no

23  longer perform the essential functions of his job.  UPS accommodated Plaintiff by transferring

24  him to the position of customer counter clerk.  The essential functions of a customer counter clerk

25  include standing continuously throughout the day, assisting in moving packages weighing up to

26  150 pounds, lifting packages to heights above the shoulder and lowering packages to foot level,

27  lifting packages occasionally weighing up to 70 pounds, and performing tasks using simple hand

28

1    grasping, fine hand manipulation, and reaching (associated with tasks such as paperwork,

2    operating a cash register, and use of the telephone).

3         In 2002, Plaintiff injured his wrist. During periods of time after that injury, Plaintiff

4    required time off work to obtain medical treatment. UPS accommodated his needs for that time

5    off and returned him to his regular position of customer counter clerk when he was able to return

6    to work. On January 6, 2006, Plaintiff alleges he presented UPS with a doctor's note stating that

7    he could lift no more than 1-2 pounds with his left hand. No reasonable accommodation was

8    available that would have allowed Plaintiff to perform the essential function of lifting packages

9    that weigh on average 12 pounds and up to 70 pounds. UPS thereafter accommodated Plaintiff

10   with leave under the CBA and adhered to the CBA with regard to the provision of benefits to

11   Plaintiff. In January 2008, UPS invited Plaintiff to reengage in the interactive process to

12   determine his then-current medical status and whether reasonable accommodation could be

13   provided to return Plaintiff to work at UPS. Plaintiff thereafter provided UPS with new medical

14   information that he could perform any functions of the job without any medical limitations. As

15   his then-current medical restrictions allowed him to perform the essential functions of the job,

16   UPS was able to accommodate him and returned Plaintiff to work as a customer counter clerk – in

17   the same position he has held since the mid-1990s. Plaintiff continues to work in that position

18   today.

19        At no time did UPS discriminate, retaliate against, terminate, or in any other way

20   unlawfully treat Plaintiff. Rather, UPS satisfied its duty to consider and to provide Plaintiff with

21   leaves of absence in full compliance with the CFRA and the FMLA. Plaintiff's concerns about

22   the provision of medical treatment for his work-related injuries are for the California Workers'

23   Compensation Appeals Board, which has exclusive jurisdiction over such matters.

24        **3.    Legal Issues**

25        This case presents the following disputed legal issues:

26        • Whether UPS violated California Government Code section 12900 *et seq*;

27        • Whether, at all relevant times, Plaintiff had a "physical disability" within the

28              meaning of the California Fair Employment Housing Act;

1    • Whether, at all relevant times, Plaintiff was able to perform the essential duties of

2    his job for UPS, with or without reasonable accommodation;

3    • Whether Plaintiff requested a reasonable accommodation for any alleged

4    disability;

5    • Whether UPS engaged in the interactive process as required by law;

6    • Whether Plaintiff engaged in the interactive process as required by law;

7    • Whether UPS had a duty to provide Plaintiff with any requested accommodation;

8    • Whether UPS took any of its actions *because of* Plaintiff's disability in violation of

9    the law;

10   • Whether Plaintiff suffered any adverse employment action;

11   • Whether UPS had a legitimate business reason for any alleged adverse

12   employment action against Plaintiff;

13   • Whether UPS violated the California Family Rights Act;

14   • Whether UPS violated a fundamental public policy of the State of California;

15   • Whether there has been a constructive discharge under California law while Smith

16   remains an employee at UPS;

17   • Whether Plaintiff suffered damages based on conduct he alleges in the Complaint;

18   • Whether Plaintiff properly mitigated his damages;

19   • Whether Plaintiff's wrongful termination claim is barred because Plaintiff failed to

20   exhaust the internal complaint procedures available to him;

21   • Whether Plaintiff's claims are barred because UPS had an honest, good faith belief

22   that any decisions related to Plaintiff's employment were made by UPS for

23   legitimate, business-related reasons and were reasonably based upon the facts as

24   UPS understood them;

25   • Whether Plaintiff's claim for wrongful termination is barred because Plaintiff is

26   still employed by UPS;

27

28

- Whether UPS engaged in any of the alleged actions or decisions upon which Plaintiff bases his claims intentionally, willfully, oppressively, maliciously, with an evil or improper motive, or with conscious disregard of Plaintiff's rights;
- Whether Plaintiff's claims for physical and/or emotional injury are barred in whole or in part, by workers' compensation exclusivity;
- Whether Plaintiff's claims are barred by the statute of limitations; and
- Whether Plaintiff's claims are barred by the CBA and federal labor law preemption.

**4.    Motions**

At the appropriate time, UPS anticipates moving for summary judgment on all of Plaintiff's claims.

Plaintiff anticipates filing a motion for summary adjudication and a motion to compel further responses and production of documents.

**5.    Amendment of Pleadings**

The parties do not currently anticipate filing any amended pleadings.

**6.    Evidence Preservation**

UPS has instructed all personnel with relevant data to retain all relevant documents, records and electronic information in their possession, custody or control.

**7.    Disclosures**

Initial disclosures under Rule 26 of the Federal Rules of Civil Procedure were exchanged on October 30, 2007.

**8.    Discovery**

*a.    UPS' Discovery*

UPS subpoenaed relevant medical records and served Plaintiff with a notice of deposition and request for documents on October 17, 2007, following the meet and confer conference on October 16, 2007. On November 6, 2007, at the initial case management conference, the Court ordered the parties to limit the number of document requests to thirty-five. As a result of the

1  Court's order, UPS sent an amended document request on November 7, 2007. UPS took

2  Plaintiff's deposition on January 8, 2008.

3  Through the course of this litigation UPS intends to propound additional discovery

4  requests, including interrogatories, requests for admission, document requests, third party

5  subpoenas and take the depositions of multiple witnesses, including expert witnesses as

6  appropriate.

7  UPS engaged in extensive meet-and-confer efforts in order to obtain a standard

8  confidentiality agreement before producing its internal, confidential policies and procedures.

9  Plaintiff however, refused to agree to such an agreement and refused to explain why he needed to

10 use UPS policies outside of this litigation. UPS will move for a protective order concerning its

11 internal and confidential policies, restricting disclosure and use to the confines of this litigation.

12 At the request of Plaintiff, UPS scheduled three management depositions (Lisa Stevenson,

13 Mike Smith, and Jim Peterson) on April 30, 2008. On March 10, 2008, Plaintiff requested to

14 reschedule one of these depositions and requested to depose Keith Mancill. On April 10, 2008,

15 the parties agreed that Mike Smith's deposition will take place on May 1, 2008. UPS is working

16 with Keith Mancill to schedule a convenient date and time for his deposition and anticipates that

17 it will have been able to resolve any scheduling issues by the date of this case management

18 conference on April 21, 2008.

19    *b.    Plaintiff's Discovery*

20 Plaintiff and UPS have stipulated for Plaintiff to take two UPS management depositions

21 on April 30, 2008 and one deposition on May 1, 2008. Plaintiff sent a meet and confer letter on

22 March 10, 2008, and a follow up letter on April 9, 2008, asking for available dates for UPS

23 management employee Keith Mancill. UPS has not provided Plaintiff with proposed available

24 dates for the deposition of Mr. Mancill. In the same time frame as discussed above, Plaintiff has

25 tried to meet and confer to determine whether UPS has any objection to Plaintiff's FRCP 30(b)(6)

26 depositions taking place in San Francisco. UPS has not responded to Plaintiff's meet and confer.

27 Plaintiff served his First Request for Documents on February 11, 2008. On March 17,

28 2008, UPS responded to plaintiff's First Request for Production of Documents. UPS' responses

1   and documents produced are inadequate.  UPS did not provide documents to numerous requests

2   despite UPS' response that "all documents have been produced" (i.e., where no documents in

3   response have been produced).  UPS has also not produced its relevant policies and procedures as

4   requested, therefore, likely necessitating a motion to compel.

5        Because of the likelihood that Plaintiff will need to file a motion to compel and UPS'

6   anticipation of filing a protective order, Plaintiff requests that the Court refer all discovery matters

7   in this action to a magistrate.

8        Plaintiff will also propound additional written discovery and would like to have most, if

9   not all UPS employee depositions concluded by no later than May.  Plaintiff will be able to do

10  this with UPS' cooperation.

11       The parties do not presently anticipate requesting any limitations, exceptions to, or

12  modifications of the discovery rules.

13       **9.    Class Actions**

14       This case is not a class action.

15       **10.   Related Cases**

16       The parties are not aware of any related cases.

17       **11.   Relief**

18       The Complaint seeks general damages, compensatory damages, including lost earnings

19  and benefits, damages for of emotional distress, punitive damages, attorneys' fees, and costs.

20  UPS denies that Plaintiff has suffered any harm attributable to any misconduct by UPS.

21       **12.   Settlement and ADR**

22       The parties are engaging in settlement negotiations that are currently ongoing.  A

23  settlement conference is currently scheduled for October 2, 2008, before Judge Laport.  In the

24  event the parties are unable to negotiate a resolution to this action before the April 21, 2008, Case

25  Management Conference. The parties request that the currently set settlement conference be

26  moved earlier than October.

27

28

**13.    Magistrate Judges**

The parties do not consent to have a magistrate judge conduct all further proceedings in the matter, including trial.

**14.    Other References**

The matter is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict litigation.

**15.    Narrowing of the Issues**

UPS anticipates filing a summary judgment motion on all of Plaintiff's claims. Plaintiff plans on filing a motion for summary adjudication. Additionally, if the case proceeds to trial, UPS will request that the damages phase is bifurcated from the liability phase of the trial.

**16.    Expedited Schedule**

The parties do not believe this case can be handled on an expedited basis with streamlined procedures.

**17.    Scheduling**

The parties are amenable to preserving the scheduling dates set by the Court in its Pretrial Order of November 8, 2007. Those dates are as follows:

- August 15, 2008                    *Non-expert discovery cut-off & Designation of Experts*
- August 22, 2008                    *Expert reports due*
- September 5, 2008                   *Designation of supplemental/rebuttal experts*
- September 5, 2008                   *Expert discovery cut-off*
- September 23, 2008                  *Date dispositive motions shall be heard by*
- October 28, 2008 3:30 p.m.    *Pretrial conference*
- November 3, 2008 8:30 a.m.    *Trial*

UPS is amenable to preserving the settlement conference with Magistrate Judge Laport on October 2, 2008, at 9:00 a.m. in courtroom E, 15th floor, Federal Building, 450 Golden Gate Ave., San Francisco, California. However, the parties jointly request an earlier settlement conference date.

1    Plaintiff demands a jury trial in his complaint.  The parties anticipate that a trial may last

2    ten court days.

3    **18.    Disclosure of Non-Party Interested Entities or Persons**

4    The parties have each filed a "Certification of Interested Entities or Persons" required by

5    Civil Local Rule 3-16.  In its certification, UPS stated that, other than the named parties, there is

6    no such interest to report.

7    Pursuant to Civ. L.R. 3-16, Candice Clipner, an attorney licensed to practice law in the

8    State of California and before this Court, certified that Lois A. Smith has a financial interest

9    (potential community property interest) as the spouse to Walter Smith, a party to this proceeding.

10    As of this date, there are no other interested persons or entities to report.

11    **19.    Other Matters As May Facilitate the Just, Speedy and Inexpensive**

12    **Disposition**

13    Other than the parties' request to have an earlier settlement conference, Plaintiff's request

14    to refer all discovery matters to a magistrate Judge, and Plaintiff's request that UPS timely

15    comply with Plaintiff's requests for available dates for depositions of their clients, the parties are

16    not currently aware of any other matters which may facilitate the disposition of this case.

17

18    DATED: April 11, 2008                PAUL, HASTINGS, JANOFSKY & WALKER LLP

19                                        By: _____

20                                            ANDREA M. LINDEMANN

21                                        Attorneys for Defendants
                                          UNITED PARCEL SERVICE, INC.

22    DATED: April__, 2008

23                                        CANDICE CLIPNER

24                                        By: _____
                                              CANDICE CLIPNER

25

26                                        Attorney for Plaintiff
                                          WALTER SMITH

27

28

1    Plaintiff demands a jury trial in his complaint. The parties anticipate that a trial may last

2    ten court days.

3    **18.    Disclosure of Non-Party Interested Entities or Persons**

4    The parties have each filed a "Certification of Interested Entities or Persons" required by

5    Civil Local Rule 3-16. In its certification, UPS stated that, other than the named parties, there is

6    no such interest to report.

7    Pursuant to Civ. L.R. 3-16, Candice Clipner, an attorney licensed to practice law in the

8    State of California and before this Court, certified that Lois A. Smith has a financial interest

9    (potential community property interest) as the spouse to Walter Smith, a party to this proceeding.

10    As of this date, there are no other interested persons or entities to report.

11    **19.    Other Matters As May Facilitate the Just, Speedy and Inexpensive**

12    **Disposition**

13    Other than the parties' request to have an earlier settlement conference, Plaintiff's request

14    to refer all discovery matters to a magistrate Judge, and Plaintiff's request that UPS timely

15    comply with Plaintiff's requests for available dates for depositions of their clients, the parties are

16    not currently aware of any other matters which may facilitate the disposition of this case.

17

18    DATED: April __, 2008    PAUL, HASTINGS, JANOFSKY & WALKER LLP

19

20    By: _____
                ANDREA M. LINDEMANN

21    Attorneys for Defendants
        UNITED PARCEL SERVICE, INC.

22    DATED: April 11, 2008

23    CANDICE CLIPNER

24    By: _____
                CANDICE CLIPNER

25

26    Attorney for Plaintiff
        WALTER SMITH

27

28

CASE NO. C-07-03673-MHP    -10-    JOINT CASE MANAGEMENT
                                                                            CONFERENCE STATEMENT

1

## ORDER

2    The Court having convened a case management conference in this action, and good cause

3    appearing therefor,

4    IT IS ORDERED that the parties' joint case management statement be and is hereby

5    adopted by the Court as its case management order.

6    Dated: April ___, 2008.

7
_____
                                              Marilyn Hall Patel
                                              United States District Judge
8

9    LEGAL_US_W # 58654097.6

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. C-07-03673 MHP                      -11-                      JOINT CASE MANAGEMENT
                                                                       CONFERENCE STATEMENT